UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK SMYLIE,<br><br>Plaintiff,<br><br>v.<br><br>PLUMAS COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,<br><br>Defendants. | No.  2:25-cv-2064 DC CSK P<br><br>ORDER |

## I.  INTRODUCTION

Plaintiff is a county prisoner proceeding pro se.  Plaintiff seeks relief pursuant to

42 U.S.C.  § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

§§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

1

1   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

2   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4        As discussed below, plaintiff's complaint is dismissed with leave to amend.

5   **II.  SCREENING STANDARDS**

6        The court is required to screen complaints brought by prisoners seeking relief against a

7   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

9   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

26  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

27  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

28  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

2

1  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

3  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

4  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

5  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

6  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

7  **III.  DISCUSSION**

8     Named as defendants are the Plumas County District Attorney's Office and Plumas

9  County District Attorney David Drury Hollister.  (ECF No. 1 at 2.)  Plaintiff's complaint contains

10  three claims for relief and seeks money damages.

11     **A.  Claim One**

12     Plaintiff alleges that on December 16, 2022, plaintiff accepted a plea offer from defendant

13  Hollister for 16 months in prison with no parole and no probation.  (Id.)  Plaintiff appears to claim

14  that defendant Hollister offered this plea knowing that the California Department of Corrections

15  and Rehabilitation ("CDCR") would not uphold the terms of the plea agreement.  (Id. at 3.)  Upon

16  release from CDCR custody, plaintiff was forced to report to parole and was placed on GPS

17  monitoring for two years, in violation of the plea agreement.  (Id.)  Plaintiff alleges that defendant

18  Hollister knew that the plea agreement was illegal and tricked plaintiff into entering it.  (Id.)

19  Plaintiff also alleges that in October 2024, plaintiff was incarcerated for being under the influence

20  and given an excessive thirty day sentence.  (Id.)

21     A state prosecutor is absolutely immune from § 1983 actions "when performing the

22  traditional functions of an advocate."  Kalina v. Fletcher, 522 U.S. 118, 131(1997).  "Prosecutors

23  are entitled to qualified immunity, rather than absolute immunity, when they perform

24  administrative functions, or 'investigative functions normally performed by a detective or police

25  officer.'"  Genzler v. Longanbach, 410 F.3d 630, 636 (9th Cir. 2005) (quoting Kalina, 522 U.S. at

26  126)).  When determining whether a prosecutor is entitled to absolute or qualified immunity for

27  their actions, a court should focus on "the nature of the function performed."  Buckley v.

28  Fitzsimmons, 509 U.S. 259, 269 (1993).  "In applying this approach, [the court] distinguish[es]

1    between acts of advocacy, which are entitled to absolute immunity, and administrative and

2    'police-type' investigative acts which are not.  To qualify as advocacy, an act must be 'intimately

3    associated with the judicial phase of the criminal process.'" Patterson v. Van Arsdel, 883 F.3d

4    826, 830 (9th Cir. 2018) (citation omitted).

5            In claim one, plaintiff alleges that defendant Hollister entered into an unenforceable plea

6    agreement with plaintiff.  The Ninth Circuit has held that "[p]rosecutorial immunity extends to

7    the process of plea bargaining." Briley v. California, 564 F.2d 849, 856 (9th Cir. 1977) (citation

8    omitted); see also Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1492 (10th Cir. 1991) (plea

9    bargaining is "an activity that is absolutely immune from liability due to its intimate association

10   with the judicial process."); Taylor v Kavanagh, 640 F.2d 450, 453 (2d Cir. 1981) (extending the

11   doctrine of absolute immunity to prosecutor's plea bargaining activities).  Thus, defendant

12   Hollister has absolute immunity for his conduct related to the plea agreement.

13           In claim one, plaintiff also alleges that in October 2024, plaintiff received an excessive

14   sentence.  No defendants are linked to this claim.  The Civil Rights Act under which this action

15   was filed provides as follows:

16           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the deprivation
17           of any rights, privileges, or immunities secured by the Constitution .
             . . shall be liable to the party injured in an action at law, suit in equity,
18           or other proper proceeding for redress.

19   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

20   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

21   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

22   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

23   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

24   omits to perform an act which he is legally required to do that causes the deprivation of which

25   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

26           Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

27   their employees under a theory of respondeat superior and, therefore, when a named defendant

28   holds a supervisorial position, the causal link between him and the claimed constitutional

                                                4

1    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

2    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague

3    and conclusory allegations concerning the involvement of official personnel in civil rights

4    violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5            Plaintiff's claim regarding the alleged excessive sentence is dismissed because no

6    defendants are linked to this claim.  To the extent plaintiff intends to name as a defendant the

7    judge who imposed the alleged excessive sentence, judges are absolutely immune from damages

8    liability for acts which are judicial in nature.  See Forrester v. White, 484 U.S. 219, 227-29

9    (1988).  Judicial immunity does not extend to acts taken in the "clear absence of all jurisdiction."

10   Stump v. Sparkman, 435 U.S. 349, 356 (1978).  Because sentencing is judicial in nature, a claim

11   against a judge for imposing an excessive sentence will be dismissed on the grounds that the

12   judge is entitled to absolute immunity.

13           **B. Claim Two**

14           Plaintiff alleges that on May 16, 2025, while in court, defendant Hollister deliberately

15   made a false statement, claiming that plaintiff had an altercation with plaintiff's parole agent that

16   resulted in plaintiff's arrest. (ECF No. 1 at 4.)  Plaintiff also alleges that on April 21, 2025,

17   defendant Hollister falsely told the court that the date of plaintiff's evaluation ordered by the

18   court was unknown. (Id.)  Plaintiff alleges that because the evaluation of plaintiff resulted in a

19   diagnosis that defendant Hollister did not like, defendant Hollister questioned the date of the

20   evaluation in order to confuse the judge, which led to multiple hearings and caused plaintiff to be

21   denied diversionary sentencing on June 6, 2025. (Id.)  Plaintiff alleges that "this question" lasted

22   four court dates. (Id.)

23           Prosecutors enjoy absolute immunity for "making false or defamatory statements in

24   judicial proceedings[.]" Burns v. Reed, 500 U.S. 478, 490 (1991).  Thus, defendant Hollister is

25   entitled to absolute immunity for plaintiff's claim alleging that defendant Hollister made false

26   statements to the court regarding the date of plaintiff's evaluation and that plaintiff had an

27   altercation with his parole agent.

28   ///

1      **C. Claim Three**

2          Plaintiff alleges that on May 16, 2025, defendant Hollister twice maliciously called

3   plaintiff a "290" in court.[1]  (ECF No. 1 at 5.)  Plaintiff alleges that plaintiff's public defender had

4   informed the court that plaintiff was mistreated in custody because defendant Hollister called

5   plaintiff a "290" in court in November 2022.  (Id.)  Plaintiff alleges that on May 30, 2025,

6   Sergeant Gott arrived at the courthouse stating that a tip was made that someone was going to act

7   out.  (Id.)  Defendant Hollister made taunting remarks toward plaintiff, stating that plaintiff was a

8   danger to others because of suicidal attempts.  (Id.)  Defendant Hollister said, "where he got the

9   worst of it," when discussing an altercation between plaintiff and another person that resulted in

10  plaintiff getting staples in the back of his head.  (Id.)  Plaintiff alleges that on June 6, 2025,

11  defendant Hollister also taunted plaintiff in court.  (Id.)

12         To the extent plaintiff alleges that defendant Hollister made false or defamatory

13  statements against plaintiff in court, defendant Hollister is entitled to absolute immunity.  See

14  Burns, 500 U.S. at 490.  In claim three, plaintiff also appears to challenge statements made by

15  defendant Hollister in court regarding plaintiff that were true, i.e., that plaintiff was required to

16  register as a sex offender, that plaintiff had attempted suicide and that plaintiff suffered injuries

17  during an altercation.  Prosecutors are absolutely immune from damages under § 1983 for their

18  conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is

19  "intimately associated with the judicial phase of the criminal process."  Buckley v. Fitzsimmons,

20  509 U.S. 259, 270 (1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  Defendant

21  Hollister's alleged comments regarding plaintiff that were true were made during the judicial

22  phase of the criminal process in that they were made during court proceedings.  For this reason,

23  defendant Hollister is entitled to absolute immunity for making these alleged comments.

24      **D. Defendant Plumas County District Attorney's Office**

25         The complaint contains no allegations against defendant Plumas County District

26  Attorney's Office.  For this reason, the claims against defendant Plumas County District

27  _____

28  [1] In referring to "290," plaintiff appears to refer to California Penal Code § 290, the California
    Sex Offender Registration Act.

1    Attorney's Office are dismissed with leave to amend. Assuming that the Plumas County District

2    Attorney's Office is properly subject to suit under section 1983, akin to a municipality, "[i]t is

3    well established that 'a municipality cannot be held liable solely because it employs a

4    tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat

5    superior theory.'" Aguaristi v. County of Merced, 2019 WL 330908, at *3 (E.D. Cal. Jan. 25,

6    2019) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Generally, to establish

7    municipal liability, the plaintiff must show that a constitutional right was violated, the

8    municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional

9    rights, and the policy was "the moving force" behind the constitutional violation. See Oviatt By

10    and Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing City of Canton v.

11    Harris, 489 U.S. 378, 389-91 (1989)). If plaintiff files an amended complaint naming Plumas

12    County District Attorney's Office as a defendant, plaintiff shall address the legal standards set

13    forth above.

14    **IV. LEAVE TO AMEND**

15        In an abundance of caution, plaintiff's complaint is dismissed with leave to amend. An

16    amended complaint should not include the claims against defendant Hollister for which this Court

17    found above that defendant Hollister was entitled to absolute immunity. If plaintiff files an

18    amended complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to

19    make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

20    complaint be complete in itself without reference to any prior pleading. This requirement exists

21    because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez

22    v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

23    supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

24    omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any

25    function in the case. Therefore, in an amended complaint, as in an original complaint, each claim

26    and the involvement of each defendant must be sufficiently alleged.

27    **V. CONCLUSION**

28        In accordance with the above, IT IS HEREBY ORDERED that:

1         1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

3 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

4 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

5 Plumas County Sheriff filed concurrently herewith.

6         3. Plaintiff's complaint is dismissed.

7         4. Within thirty days from the date of this order, plaintiff shall complete the attached

8 Notice of Amendment and submit the following documents to the court:

9         a. The completed Notice of Amendment; and

10         b. An original of the Amended Complaint.

11 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

12 Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

13 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

14 Failure to file an amended complaint in accordance with this order may result in the dismissal of

15 this action.

16

17 Dated: August 27, 2025

18                           _____
CHI SOO KIM

19                           UNITED STATES MAGISTRATE JUDGE

20

21

22 Smyl2064.14/2

23

24

25

26

27

28

1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN PATRICK SMYLIE,                    No.  2:25-cv-2064 DC CSK P

12                  Plaintiff,

13         v.                                NOTICE OF AMENDMENT

14   PLUMAS COUNTY DISTRICT
     ATTORNEY'S OFFICE, et al.,

15                  Defendants.

16

17
           Plaintiff submits the following document in compliance with the court's order
18
     filed on _____ (date).
19

20
                              ┌─────┐
21                            │     │   Amended Complaint
                              └─────┘
22                            (Check this box if submitting an Amended Complaint)

23   DATED:

24                              _____
                                Plaintiff
25

26

27

28